# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MANRIQUEZ,<br><br>   Plaintiff,<br><br> v.<br><br>JAMES TILTON, et al.,<br><br>   Defendants.<br>_____ / | CASE NO. 1:11-cv-537-MJS (PC)<br><br>ORDER REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT THAT SETS FORTH ONLY CLAIMS ARISING OUT OF PLAINTIFF'S SEGREGATION AND RE-VALIDATION AS A PRISON GANG MEMBER WHILE HOUSED AT CORCORAN STATE PRISON<br><br>PLAINTIFF'S SECOND AMENDED COMPLAINT DUE **JUNE 15, 2011** |

  Plaintiff Daniel Manriquez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The operative Complaint in this case sets forth forty-seven causes of action against forty-seven different Defendants. On March 30, 2011, the Northern District of California screened Plaintiff's Complaint, dismissed certain claims, and transferred the remaining claims to this Court. (ECF No. 10.) As a result, the only claims pending are those related to events that occurred in or after January 2005 while Plaintiff was housed at Corcoran State Prison.

  The only version of the Complaint on file with the Court is nearly ninety pages long and devotes a significant portion to claims that were dismissed by the Northern District.

As such, it does not reflect the current posture of the case and is confusing.

Accordingly, Plaintiff is ORDERED to file an amended complaint setting forth only the causes of action that arose out of his confinement at Corcoran State Prison relating to his placement in administrative segregation and his re-validation as a member of the Mexican Mafia prison gang. Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Plaintiff's amended complaint shall be filed not later than **June 15, 2011**. Failure to comply with this order may result in dismissal of this action for failure to prosecute.

IT IS SO ORDERED.

Dated:   April 21, 2011            /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE